$350

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**KEILA RIOS,**

**PLAINTIFF**

**v.**

**MARV LOVES 1, MARV LOVES TOO, SET IT OFF, WILFREDO BAEZ, & MARV LOVE,**

**DEFENDANTS.**

**CIVIL ACTION NO.** 13 1619

**JURY TRIAL DEMANDED**

## COMPLAINT AND JURY DEMAND

1. Plaintiff Keila Rios, by and through her attorneys, Bell & Bell LLP, files the following Complaint seeking damages under Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, 42 U.S.C. § 2000(e) et seq. ("Title VII").

## PRELIMINARY STATEMENT

2. This is an action for an award of damages, punitive damages, attorneys' fees and other relief on behalf of Plaintiff Keila Rios, a former employee of Defendants who was supervised in her employment by Wilfredo Baez and/ or Mr. Love. Ms. Rios has been harmed by the Defendants' sexual harassment, discrimination, fostering and perpetuating a hostile working environment and retaliation for her complaints about sexual harassment and discrimination. This action arises under Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, 42 U.S.C. § 2000(e) et seq. ("Title VII").

## JURISDICTIONAL STATEMENT

3. This Court has original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States pursuant to 28 U.S.C. §§ 1331 and 1391.

4. The jurisdiction of this Court is also invoked pursuant to 28 U.S.C. § 1343(4), which grants the District Court original jurisdiction in any civil action authorized by law to be commenced by any person to recover damages to secure equitable or other relief under any act of Congress providing for the protection of civil rights.

5. All conditions precedent to the institution of this suit have been fulfilled. On December 26, 2012, the United States Equal Employment Opportunity Commission issued a Notice of the right to sue to Plaintiff. This action has been filed within ninety (90) days of Plaintiff's receipt of said Notice.

## VENUE

6. This action properly lies in the Eastern District of Pennsylvania, pursuant to 29 U.S.C. § 1391(b) because the claim arose in this judicial district.

7. Venue in the Eastern District of Pennsylvania is also authorized pursuant to 42 U.S.C. § 2000(e) et seq.

## PARTIES

8. Plaintiff Keila Rios an adult female individual resident of Pennsylvania and the United States of America.

9. Defendant Marv Loves 1 is a business entity that regularly conducts or conducted business in Philadelphia

10. Defendant Marv Loves Too is a business entity that regularly conducts business in Philadelphia.

11. Defendant Set It Off is a business entity that regularly conducts business in Philadelphia

12. Defendant Wilfredo Baez is an adult individual who does business at the above-captioned business entities and who acted as Plaintiff's supervisor.

13. Defendant Marv Love is an adult individual and is the owner and operator of Marv Loves I, Marv Loves Too and Set It Off (hereinafter the three businesses are collectively referred to as "Marv Loves") who does business at the above-captioned business entities.

14. At all times material hereto, the Defendants acted or failed to act by and through their authorized agents, servants, contractors, subcontractors, workmen and/or employees who were then and there acting within the course and scope of their employment and/or agency with Defendants and/or in furtherance of Defendants' business.

15. At all times relevant hereto, each of the Defendants acted as a "person" and/or "employer" within the meaning of one or more of the laws at issue in this suit and is accordingly subject to the provisions of said laws.

16. At all times relevant hereto, Plaintiff Keila Rios was an "employee" of Defendants within the meaning of the law at issue in this suit and is accordingly entitled to the protections of said laws.

**FACTS**

17. In September 2008, Ms. Rios was hired by Marv Loves as a bartender to work in all three Philadelphia, Pennsylvania bars owned by Mr. Marv Love (Marv Loves 1, Marv Loves Too and Set It Off, collectively "Marv Loves").

18. Throughout her employment at Marv Loves, Ms. Rios was immediately supervised by Wilfredo Baez.

19. Throughout her employment with Marv Loves, Ms. Rios performed her duties in an excellent manner.

20. Throughout her employment with Marv Loves, Ms. Rios was subjected to sexual assaults, sexual comments and sexual propositioning by her immediate supervisor, Mr. Wilfredo Baez.

21. Immediately upon her hire and continuing throughout her employment until her termination on April 8, 2009, Mr. Baez engaged in a pattern of constant, unwanted, unwelcome sexual advances and other harassment of a sexual nature directed towards Ms. Rios that created a hostile work environment. For example, among other things:

    a. Mr. Baez demanded that Ms. Rios have a sexual relationship with him;
    b. Mr. Baez made repeated sexual comments to Ms. Rios;
    c. Mr. Baez repeatedly touched Ms. Rios in a sexual manner; and
    d. Mr. Baez made sexual advances toward Ms. Rios.

22. Despite Ms. Rios' repeated protestations, complaints and refusals to engage in a sexual relationship with Mr. Baez, Mr. Baez continued to pursue Ms. Rios until her termination in April 2009, sexually harassing her and creating a hostile work environment. Among other things:

    a. Mr. Baez continuously stated to Ms. Rios, "Don't forget who makes your schedule and don't forget to fuck your manager."
    b. On New Year's Eve 2009, Mr. Baez grabbed Ms. Rios when they were

alone, and after taking his penis out of his pants, made Ms. Rios touch his exposed penis by forcibly placing it in her hand.

c. When Ms. Rios protested this sexual battery, Mr. Baez accused her of "playing hard to get" saying, "I've been trying to fuck you for the longest time and you act like you don't want it and you know you want it."

d. Mr. Baez further violated Ms. Rios by running after her as she was escaping from the situation and looking up her skirt.

23. Following these events, Mr. Baez continued to sexually harass, discriminate and retaliate against Ms. Rios by continuing to pursue her sexually, criticizing her performance, invading her privacy, and continuing to touch her inappropriately.

24. In late March or early April 2009 the severe and pervasive sexual discrimination, harassment and retaliation was continuing unabated and in response, Ms. Rios told Mr. Baez in no uncertain terms that she was never going to have intercourse or oral sex with Mr. Baez or any of the other managers.

25. In response, immediately following her complaint that she should not have to perform sexually to be treated fairly at work, Mr. Baez changed Ms. Rios' schedule giving her fewer hours and scheduling her in the locations that earned fewer tips, effectively reducing her compensation from approximately $1000-$1200 per week to approximately $300 per week.

26. On or about April 8, 2009, mere weeks after her forceful complaint and

protestation, Ms. Rios was terminated.

27. Her termination, and the scheduling change, which resulted in an extreme reduction in Ms. Rios' salary that preceded her termination were motivated by discrimination on the basis of sex, sexual harassment, and in retaliation for her complaints of discrimination, harassment and retaliation and her refusal to take part in sexual activity with Mr. Baez.

28. Marv Loves lacked any effective policy or practice for preventing and/or addressing sexual harassment in the work place. For example, Ms. Rios was never made aware of any sexual harassment policy at Marv Loves.

29. Ms. Rios made clear at all times to Mr. Baez, and others, through words and actions, that she perceived Mr. Baez's conduct and words of a sexual nature to be unwelcome, hostile, offensive, and abusive.

30. Ms. Rios repeatedly asked Mr. Baez to stop his behavior.

31. Ms. Rios also ran away from Mr. Baez when he touched her or balked at his advances.

32. Upon information and belief, Mr. Baez was never counseled or disciplined regarding his treatment of Ms. Rios and the sexual discrimination, harassment and retaliation he subjected her to.

33. Despite knowledge that his behavior was unwelcome, hostile, offensive, and abusive, Marv Loves failed to take prompt and effective measures, or any remedial measures, to correct Mr. Baez's behavior and allowed Mr. Baez to continue the severe and pervasive pattern of abuse that he had embarked on.

34. In response to Ms. Rios's refusal to engage in sexual activity with Mr. Baez,

and her opposition to Mr. Baez's sexual harassment, Defendants retaliated against Ms. Rios.

35. The actions of Mr. Baez, Defendants' failure to address the harassment, discrimination and retaliation against Ms. Rios, her reduction in pay, her termination, and other actions taken were in retaliation for Ms. Rios's refusal to engage in sexual acts with Mr. Baez and/or in retaliation for Ms. Rios's legally protected assertion of her rights with respect to, her opposition to, and her complaining about, the sexual harassment, discrimination and retaliation she was suffering.

36. As a result of the constant, severe, pervasive, unwanted, and unwelcome sexual advances, harassment, and discrimination described above Ms. Rios is left uncomfortable, emotionally distraught, humiliated, and in fear.

37. As a result of the severe and pervasive sex discrimination, harassment and retaliation suffered by Ms. Rios, Ms. Rios has suffered, and continues to suffer severe emotional distress.

38. Mr. Baez, Mr. Love and others all acted with the intent of causing, or in reckless disregard of the probability that their actions would cause Ms. Rios severe emotional distress.

39. Defendants' permitted sexual harassment against Ms. Rios by their Employees, subjecting Ms. Rios to an unbearably hostile working environment despite her complaints, in violation of Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, 42 U.S.C. § 2000(e) et seq.

40. During the sexual and physical assaults described above, Defendant Baez

placed Plaintiff in reasonable and immediate fear of bodily harm and offensive contact with her body.

41. Defendant Baez's sexual and physical assaults of Plaintiff were harmful and offensive contacts with Plaintiff's body.

42. Defendant Baez's actions were extreme and outrageous.

43. Marv Loves' actions were extreme and outrageous.

44. The conduct to which Plaintiff was exposed by Defendants was beyond all possible bounds of decency and regarded as atrocious and utterly intolerable in a civilized community.

45. Marv Loves and Marv Love knew or had reason to know that they had the ability to control their employee, Defendant Baez.

46. Marv Loves and Marv Love knew or should have known of the necessity and opportunity for using or exercising control over their employee, Defendant Baez.

47. Marv Loves and Marv Love knew or should have known that Defendant Baez possessed certain characteristics or propensities, or had engaged in or was engaging in behavior or conduct that rendered him unfit or incompetent to work in his position with Marv Loves and Marv Love.

48. As a direct and proximate result of the conduct of Defendants, Plaintiff has suffered and will continue to suffer in the future great pain and suffering, depriving Plaintiff of life's pleasures together with great embarrassment and humiliation.

49. Defendants discriminated against Ms. Rios on the basis of her sex and because

of her complaints about sexual harassment, in violation of Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, 42 U.S.C. § 2000(e) et seq.

50. Defendants' decision to terminate Ms. Rios was motivated by her refusal to engage in a sexual relationship with her supervisor and because of her complaints regarding discrimination, harassment and retaliation.

51. Defendants' decision to dramatically cut Ms. Rios' hours and pay following her complaints and refusals to engage in a sexual relationship with her supervisor was motivatd by retaliation for her complaints regarding discrimination, harassment and retaliation.

52. Defendants permitted sexual harassment against Ms. Rios by Defendants' Employees subjecting Ms. Rios to an unbearably hostile working environment despite her complaints, in violation of Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, 42 U.S.C. § 2000(e) et seq.

**COUNT I**
**TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, 42 U.S.C. § 2000(e)**
**PLAINTIFF V. DEFENDANTS MARV LOVES 1, MARV LOVES TOO, AND SET IT OFF**

53. Plaintiff incorporates each and every one of the allegations of this pleading, without exception.

54. Based on the foregoing, Defendants have engaged in unlawful employment practices in violation of Title VII.

55. In discriminating against Ms. Rios because of her sex, sexually harassing Ms. Rios and retaliating against Ms. Rios because of her complaints about sexual harassment and her refusal of Defendant Baez's sexual advances, Defendants

violated Title VII.

56. As the direct and proximate result of the Defendants' violation of Title VII, Plaintiff Keila Rios has sustained a loss of earnings, severe emotional and psychological distress, loss of self-esteem, loss of future earning power, as well as back pay, front pay, and interest due thereon along with and/or in addition to the damages and losses set forth herein, as well as an obligation to pay attorneys' fees.

57. Plaintiff Keila Rios is now suffering and will continue to suffer irreparable harm and monetary damages as a result of Defendants' actions unless and until this Court grants the relief requested herein.

58. With respect to the Title VII claims herein, The EEOC issued a Right to Sue or Notice of Rights in this matter on December 26, 2012. This Amended Complaint has been filed within 90 days of the receipt of the document.

59. At all times relevant hereto, Defendants Marv Loves I, Marv Loves Too and Set It Off acted as a "person" and/or "employer" within the meaning of the anti-discrimination law at issue in this suit and is accordingly subject to the provisions of said law.

60. At all times relevant hereto, Plaintiff Keila Rios was an "employee" of Marv Loves within the meaning of the anti-discrimination law at issue in this suit and is accordingly entitled to the protections of said law.

**PRAYER FOR RELIEF**

61. Plaintiff repeats and incorporates by reference the allegations of all previous paragraphs as fully as though the same were set forth at length herein.

**WHEREFORE**, Plaintiff Keila Rios respectfully requests that this Court enter judgment in her favor and against Defendants:

a. Declaring that the acts and practices complained of herein violate Title VII;

b. Declaring that the acts and practices complained of herein violate the PHRA;

c. Awarding compensatory damages to Plaintiff Keila Rios to make Plaintiff whole for all past and future lost earnings, benefits and earnings capacity which Plaintiff has suffered and will continue to suffer as a result of Defendants' conduct;

d. Awarding compensatory damages to Plaintiff Keila Rios for past and future emotional upset, mental anguish, loss of reputation, humiliation, loss of life's pleasures and pain and suffering;

e. Awarding punitive damages to Plaintiff Keila Rios;

f. Awarding Plaintiff Keila Rios costs of this action together with reasonable attorneys' fees;

g. Awarding Plaintiff Keila Rios such other damages as are appropriate under Title VII, and any other applicable laws; and

h. Granting such other relief as this Court deems just and proper.

**JURY DEMAND**

62. Plaintiff Keila Rios hereby demands trial by Jury as to all issues so triable.

Respectfully submitted,

James A. Bell IV, Esquire
Attorney I.D. 81724
Christopher A. Macey, Jr., Esq.
Attorney I.D. 207800
Attorneys for Plaintiff
Keila Rios

OF COUNSEL:

Bell & Bell LLP
One Penn Center
1617 John F. Kennedy Blvd., Suite 1020
Philadelphia, PA 19103
(215) 569-2500
(215) 569-2220 (Facsimile)

DATED: March 27, 2013