## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **KEILA RIOS,** | : | **CIVIL ACTION** |
| **Plaintiff,** | : | |
| | : | |
| **vs.** | : | |
| | : | **NO. 13-CV-1619** |
| **MARV LOVES 1, et al.,** | : | |
| **Defendants** | : | |

## O R D E R

**AND NOW**, this ___26th___ day of October, 2015, upon consideration of Plaintiff's unopposed Motion for Attorney's Fees and Costs (ECF No. 50),[1] **IT IS HEREBY ORDERED** that Plaintiff's motion is **GRANTED**.[2]  Defendants Marv Loves 1, Marv Loves Too, and Set It Off, shall pay $33,115.00 in fees and $2,833.32 in costs to Plaintiff.

---

[1]  Plaintiff's motion for fees and costs was filed and electronically served on Defendants on September 16, 2015.  Under Local Rule 7.1(c) of the United States District Court for the Eastern District of Pennsylvania, Defendants' response was due within fourteen days of service of Plaintiff's fee petition.  Defendants did not object to Plaintiff's calculation of her reasonable costs, attorneys' fees, and expenses, and the time to file any such objections has expired.

[2]  It is well established that costs, attorneys' fees, and expenses may be awarded to a prevailing party in a federal litigation where authorized by statute.  *See Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240 (1975).  On September 2, 2015, the Court entered default judgment against Defendants Marv Loves 1, Marv Loves Too, and Set It Off, for violation of Plaintiff's rights arising under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000(e), *et seq.*, and the Pennsylvania Human Relations Act, 43 Pa. Cons. Stat. 951, *et seq.* (ECF No. 49).  Having obtained a default judgment against these defendants, Plaintiff is plainly a prevailing party under 42 U.S.C. § 2000e–5(k) and 43 Pa. Cons. Stat. § 962(c.2), and therefore an award of reasonable attorney's fees and costs may be awarded against Marv Loves 1, Marv Loves Too, and Set It Off.

When awarding attorneys' fees and costs, courts within the Third Circuit use the "lodestar" method.  *See Maldonado v. Houstoun*, 256 F.3d 181, 184 (3d Cir. 2001).  To calculate the lodestar, the court multiplies the reasonable hourly rate by the reasonable number of hours expended on the litigation.  *City of Burlington v. Dague*, 505 U.S. 557 (1992); *United Auto. Workers Local 259 v. Metro Auto Center*, 501 F.3d 283, 290 (3d Cir. 2007).

BY THE COURT:


  /s/ Lynne A. Sitarski
LYNNE A. SITARSKI
UNITED STATES MAGISTRATE JUDGE

---

To the extent the opposing party seeks to challenge the fees sought, "the opposing party must then object 'with sufficient specificity' to the request." *Id.* (quoting *Rode*, 892 F.2d at 1183)).  As explained by the Third Circuit Court of Appeals:

> [W]hen an opposing party has been afforded the opportunity to raise a material fact issue as to the accuracy of representations as to hours spent, or the necessity for their expenditure, and declines to do so, no reason occurs to us for permitting the trial court to disregard uncontested affidavits filed by a fee applicant.

*Cunningham v. City of McKeesport*, 753 F.2d 262, 266 (3d Cir. 1985), *vacated on other grounds*, 478 U.S. 1015 (1986), *and reinstated*, 807 F.2d 49 (3d Cir. 1986); *see also United States v. Eleven Vehicles Their Equip. & Accessories*, 200 F.3d 203, 211 (3d Cir. 2000).

In this case, Plaintiff was represented by partner James A. Bell, Esq. and associate Christopher A. Macey, Jr., Esq., both of the law firm Bell & Bell LLP.  Attorney Bell requests an hourly rate of $350 and Attorney Macey requests an hourly rate of $250.  (Pl.'s Br. 6).  In support for this request, Plaintiff has provided the court with client invoices for services rendered and expenses incurred, (Doc. 50-4, Ex. B); survey data from the *National Law Journal* reflecting median and average associate billing rates at several area law firms, (Pl.'s Br. Supp. Mot. 10, ECF No. 50-1); a current table of the market rates for attorneys' fees provided by Community Legal Services of Philadelphia, (*id.* at 10-11); and an Affidavit from Attorney Bell reflecting, in relevant part, that Bell & Bell routinely bills his time at $350 per hour in non-contingency matters, (Bell Decl., ECF No. 50-3).  The Court has carefully reviewed this evidence, and finds the requested fees reasonable.  Attorney Bell further avers that he worked for 72.9 hours, and Attorney Macey for 30.4 hours, on this matter.  (*Id.* ¶ 16).  Because Defendants have failed to raise a material fact as to the accuracy or necessity of these requested hours; I may not reduce the number of hours claimed.  *See Cunningham*, 753 F.2d at 267.  Accordingly, I find the lodestar of $33,115.00 to be reasonable.

Plaintiff also requests $2,833.32 in costs, reflecting federal and state filing fees; costs for effecting service; courier costs; and legal research costs.  Having examined the documentary evidence, I find each of the costs and expenses incurred to be necessary and reasonable.